UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ricardo Rodriguez | § | |
|    Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO.   4:16-cv-03186 |
| | § | |
| Hartford Life and Accident | § | |
| Insurance Company, Defendant | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1. State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.

   The conference was held on January 4, 2017. Counsel present were as follows:

   For the plaintiff:

   William C. Herren

   For the defendant

   Kimberly A. Jones

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   There are no cases related to this one that are pending in any state or federal court.

3. Specify the allegation of federal jurisdiction.

   Federal question jurisdiction pursuant to ERISA is alleged.

4. Name the parties who disagree and the reasons.

No party disagrees with the allegation of federal question jurisdiction.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   No additional party that should be included is anticipated.

6. List anticipated interventions.

   There is no anticipated intervention.

7. Describe class-action issues.

   There is no class-action issue.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Disclosures will be made by the plaintiff by February 20, 2017.

   Disclosures will be made by the defendant by February 20, 2017.

9. Describe the proposed agreed discovery plan, including:

   A   Responses to all the matters raised in Rule 26(f).

   B   When and to whom the plaintiff anticipates it may send interrogatories.

   C   When and to whom the defendant anticipates it may send interrogatories.

   D   Of whom and by when the plaintiff anticipates taking oral depositions.

   E   Of whom and by when the defendant anticipates taking oral depositions.

   F   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

   G   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

   H   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

       Defendant's Position: This is a claim for disability benefits governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et. seq.* ("ERISA"). Defendant maintains that no discovery is permitted beyond Defendant's production of the Administrative Record and Plan documents because judicial review is limited to the administrative record in ERISA benefit claim cases. *See, Vega v. National Life Insurance Services, Inc.* 188 F. 3d 287, 299-300 (5th Cir. 1999).

10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

    See above for Defendant's position on discovery.

    Plaintiff's position is that review by this Court is *de novo*. Plaintiff intends to file a motion for partial summary judgment to determine the standard of review.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

12. State the date the planned discovery can reasonably be completed.

    Any discovery can reasonably be completed by June 20, 2017.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties have not engaged in settlement discussions. Defendant plans to file a motion to dismiss based on un-timeliness, thus settlement is unlikely at this point.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Defendant intends to file a motion to dismiss based on Plaintiff's untimely complaint. Defendant asked Plaintiff to withdraw the Complaint prior to filing the motion to dismiss, but Plaintiff has refused.

    Plaintiff does not agree that his complaint is untimely and therefore has refused the defendant's suggestion to make a resolution by withdrawing his complaint; and he intends to respond, in due course, to the defendant's motion to dismiss if and when it files such a motion.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    The plaintiff believes that arbitration is reasonably suitable.

       The defendant does not believe that alternative dispute resolution is suitable for this matter at this time due to its intention to file a motion to dismiss.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties jointly decline a trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    A jury has not been demanded.

18. Specify the number of hours it will take to present the evidence in this case.

    The defendant does not anticipate the need for a trial and expects the matter will be resolved by dispositive motions. If the case is tried, the parties estimate it will take approximately 6 - 8 hours to present the evidence.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    There are no pending motions.

20. List other motions pending.

    There are no pending motions but Defendant intends to file a motion to dismiss by January 16, 2017. Plaintiff intends to file a motion for partial summary judgment; see 10, above.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    There are no matters known to counsel that are peculiar to this case.

22.	List the names, bar numbers, addresses, and telephone numbers of all counsel.

For the plaintiff:

William C. Herren
SBN 09529500
SD ID xxx
6363 Woodway, Suite 825
Houston, Texas 77057
(713) 682-8194
(713) 682-8197 Fax
billh@herrenlaw.coms

s/s William C. Herren
William C. Herren

For the defendant:

Kimberly A. Jones
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
IL ARDC No. 6293083
155 N. Wacker Dr., Suite 4300
Chicago, IL 60606
Phone: 312-558-122-
Fax: 312-807-3619

s/s Kimberly A. Jones
Kimberly A. Jones