IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICARDO RODRIGUEZ and All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-3186 |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("Defendant's Motion to Dismiss") (Docket Entry No. 25). For the reasons stated below, the motion will be granted.

### I. Factual and Procedural Background

Plaintiff, Ricardo Rodriguez, initiated this suit against Hartford Life and Accident Insurance Company ("Hartford") to recover disability benefits under a policy Hartford issued to Rodriguez's former employer, Wal-Mart Stores, Inc. In his Second Amended Complaint, Rodriguez has abandoned his benefits claim and now seeks, on behalf of himself and all others similarly situated, to have Hartford enjoined from imposing a contractual limitations period on long-term disability claims shorter than that permitted by Arkansas law and to reform Hartford's Group Long Term Disability

Plan ("the Policy"). The Policy contains the following General Provision:

> Legal action cannot be taken against [Hartford]:
>
> 1) sooner than 60 days after the date Proof of Loss is given; or
>
> 2) 3 years after the date written Proof of Loss is required to be given according to the terms of The Policy.[1]

Rodriguez seeks an injunction pursuant to 29 U.S.C. § 1132(a)(3), which empowers a plan participant, beneficiary, or fiduciary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the Plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Rodriguez also alleges a breach of fiduciary duty premised on the same contractual limitations period. Hartford has moved to dismiss Rodriguez's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff's legal theory is incorrect: "When a complaint raises an arguable question of law which the district court ultimately finds

---

[1]The Policy, Exhibit A to Defendant's Motion to Dismiss, Docket Entry No. 27-2, p. 19.

is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate . . . ." Neitzke v. Williams, 109 S. Ct. 1827, 1833 (1989). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1966 (2007) (citations and internal quotation marks omitted).

### III. Application

Rodriguez advances claims for breach of fiduciary duty and Employee Retirement Income Security Act violations premised on the invalidity of the Policy's contractual limitations period. Because the court concludes that the Arkansas statute at issue does not apply to policies which, like Hartford's Policy, do not insure property or life, Rodriguez's claims fail. The court therefore does not reach the parties' remaining arguments.

Rodriguez argues that Hartford's three-year contractual limitation on legal actions is void because it requires that an action on the Policy be brought within a shorter time than the statutory five-year limitations period mandated by Arkansas Code § 23-79-202, which states:

> (a) An action may be maintained in the courts of this state by an insured or any other person on his or her behalf to recover on any claim or loss arising under a policy of insurance on property or life against the insurer issuing the policy or against the sureties on any

-3-

> bond filed by the insurer as a condition precedent to its right to do business in this state, at any time within the period prescribed by law for bringing actions on promises in writing.
> (b) Any stipulation or provision in the policy or contract requiring the action to be brought within any shorter time or be barred is void.

Hartford argues that the statute does not apply to its disability policy because the statute is plainly limited to policies of insurance on "property or life," categories which do not apply to the Policy. See Dodge v. Hartford Life and Accident Insurance Co., 2017 WL 412633, at *2 (E.D. Ark. Jan. 30, 2017) (holding that § 23-79-202(b) did not apply to disability policies based on the plain language of the statute).

Rodriguez responds that the Arkansas Supreme Court has held that in "an action by an insured against the insurer to recover a claim arising under a policy of insurance . . . the five-year statute of limitations applies." Shelter Mutual Insurance Co. v. Nash, 184 S.W.3d 425, 428 (2004). The trial court in Shelter held that the five-year limitations period for actions arising under contracts, Arkansas Code § 16-56-111, rather than the three-year limitations period on tort actions, applied to an action on an underinsured motorist insurance policy. Id. at 426-27. The Arkansas Supreme Court affirmed. Id. at 426. In addition to holding that the limitations period for contracts was correctly applied, the Arkansas Supreme Court referenced § 23-79-202(a), noting that the claim arose under a policy of insurance. Id. at 428.

Rodriguez argues that the language in Shelter supports his position that § 23-79-202 applies to any claim arising under a policy of insurance. The court disagrees. The underinsured motorist provision at issue in Shelter was part of an automobile policy, which is a policy on property. It is undisputed that § 23-79-202 applies to such policies. Moreover, Shelter did not involve a contractually shortened limitations period. Because neither the parties nor the court in Shelter raised the issue of the scope of § 23-79-202, the broad language in Shelter that Rodriguez relies on offers no guidance on the scope of the statute in the present case.

Rodriguez argues that cases like Dodge, in which the district court determined that § 23-79-202 does not apply to disability policies, are not persuasive because they do not follow the Shelter holding.[2] The court disagrees for reasons stated above and finds Dodge persuasive. But even without the benefit of Dodge, the court would reach the same interpretation of the statute. Under Arkansas law, "[i]f the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation." Simpson v. Cavalry SPV I, LLC, 440 S.W.3d 335, 338 (2014) (citing Brown v. State, 292 S.W.3d 288 (2009)). The Arkansas Supreme Court "construes [a] statute so that no word is left void, superfluous, or

---

[2]Plaintiff's Response to Defendant's Motion to Dismiss [Doc 27], Docket Entry No. 31, pp. 5-6.

-5-

insignificant, and . . . gives meaning and effect to every word in the statute, if possible." Id. (citing Calaway v. Practice Management Services, Inc., 2010 Ark. 432). Section 23-79-202 unambiguously states that it applies to actions on "polic[ies] of insurance on property or life." The phrase "on property or life" clearly limits the statute's application. Rodriguez's proposed construction, that the statute applies to all insurance policies, would render the qualifying language superfluous.[3]

## IV. Conclusion and Order

For the reasons stated above, the court concludes that Rodriguez has failed to state a claim upon which relief can be granted. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Docket Entry No. 25) is therefore **GRANTED**, and this action will be **DISMISSED with prejudice**.

**SIGNED** at Houston, Texas, on this the 17th day of May, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[3]Because Rodriguez's Second Amended Complaint seeks only an injunction and reformation of the Policy, the court need not address whether his earlier claims would be time-barred or whether he lacks standing to sue for breach of fiduciary duty on behalf of himself or any purported class.